USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/24/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL OBIAGWU,

                      Plaintiff,

-against-

BELLEVUE HOSPITAL, et al.,

                      Defendants.

25-CV-9470 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983 for alleged violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments. He also invokes the Emergency Medical Treatment & Labor Act (EMTALA) and asserts state law claims. Plaintiff's claims arise from his detention on August 15, 2024, after which he was involuntarily transported to Bellevue Hospital. By order dated November 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

**A.    Service on NYPD Officers and City of New York**

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that NYPD Officers Clara Akomeah (Shield #21871), Shania Moore (Shield #17253), Chad Leed (Shield #25048), Justin Segot (Shield #7684), and the City of New York waive service of summons.

B. **Identification of John and Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Bellevue Hospital to identify Jane Doe Nurses #3 and #4 and Bellevue Hospital staff John Does# 5-6 who were involved in Plaintiff's intake as a patient at Bellevue Hospital on or about August 15, 2024. It is therefore ordered that counsel for H+H must ascertain the identities of these Doe defendants and the addresses where they may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Plaintiff also appears to supply sufficient information to permit NYU Langone to identify the emergency medical technicians who transported Plaintiff on or about August 15, 2024, to Bellevue Hospital by ambulance. It is therefore ordered that NYU Langone ascertain the identities of these Doe defendants and the addresses where they may be served.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Doe Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

C. **Bellevue Hospital**

Plaintiff sues Bellevue Hospital, but it lacks the capacity to be sued. In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). Bellevue is a facility belonging to the New York City

2

Health and Hospitals Corporation ("HHC" or "H+H"). *Ayala v. Bellevue Hosp.*, No. 94-CV-1551 (WHP), 1999 WL 637235, at *3 (S.D.N.Y. Aug. 20, 1999) (citing *Davis v. City of N.Y.*, 1998 WL 29247, at *2 (S.D.N.Y. Jan. 26, 1998)). By statute, H+H has the capacity to be sued. *See* New York City Health and Hospitals Corporation Act, ch 1016, § 5; N.Y. Unconsol. Laws § 7385(1). Because Bellevue is merely a facility within H+H, however, it lacks the capacity to be sued as Bellevue Hospital. *See Ochei v. Coler/Goldwater Mem. Hosp.*, 450 F. Supp. 2d 275, 288 (S.D.N.Y. Aug. 31, 2006) (holding that facility owned and operated by HHC "may not be sued in its independent capacity"). The Court therefore directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to substitute H+H for Bellevue Hospital.

### D.    Service on NYU Langone and H+H

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants NYU Langone and H+H through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants NYU Langone and H+H. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

all of the paperwork necessary for the Marshals Service to effect service upon Defendants NYU Langone and H+H.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to substitute, under Fed. R. Civ. P. 21, H+H as a Defendant for Bellevue Hospital and to terminate Bellevue Hospital on the docket.

To allow Plaintiff to effect service on Defendants NYU Langone and H+H through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a USM-285 form for Defendants NYU Langone and H+H. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants.

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that NYPD Officers Clara Akomeah (Shield #21871), Shania Moore (Shield #17253), Chad Leed (Shield #25048), Justin Segot (Shield #7684), and the City of New York waive service of summons.

The Clerk of Court is directed to mail a copy of this order and the complaint to: (1) NYC Health + Hospitals Legal Department, 50 Water Street, 17th Floor, New York, New York 10004; and (2) NYU Langone 530 First Avenue, HCC-15 New York, NY 10016.

SO ORDERED.

Dated:  November 24, 2025
        New York, New York

                                              ANDREW L. CARTER, JR.
                                              United States District Judge